UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:07-cr-0005-1 |
| v. ) | Judge Trauger |
| ) | |
| OSCAR SERRANO ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Oscar Serrano's pro se "Motion to Reduce Life Sentence to 360 Months Based on Procedural and Substantive Reasonableness of CW's Questions of Credibility." (Doc. No. 1078). The government filed a response to the motion, urging that Serrano's motion is his third attempt to collaterally attack the sentence imposed in his criminal case and therefore should be construed as a motion for relief under 28 U.S.C. § 2255 and transferred to the Sixth Circuit for consideration as a second or successive § 2255 petition. (Doc. No. 1081).

**I.     Background**

In this case, Serrano was charged in a superseding indictment in 2008 with participating in a Racketeer Influenced Corrupt Organization ("RICO") conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); assault with a dangerous weapon in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(3) (Count Three); attempted murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(5) (Count Four); witness tampering in violation of 18 U.S.C. §§ 1512(a)(1)(C), (a)(3)(B), (k) (Count Five); and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Six and Fifteen). (Doc No. 770).

1

In July 2008, Serrano pled guilty to Counts One and Fifteen pursuant to an unusual plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, in which the parties agreed not to a specific sentence, but to an advisory sentencing guideline range of 360 months to life. (Doc. Nos. 885, 1046). At the subsequent sentencing hearing, the Honorable Todd J. Campbell sentenced Serrano to imprisonment for 240 months on Count One and life imprisonment on Count Fifteen, to be served consecutively. (Doc. Nos. 1002, 1003, 1043).

Serrano appealed his sentence to the Sixth Circuit Court of Appeals. (Doc. No. 1010). In September 2010, the Sixth Circuit dismissed the appeal based upon the waiver of appeal provision in his plea agreement. (Doc. No. 1049).

On April 6, 2012, Serrano filed a motion under 28 U.S.C. § 2255 seeking to vacate his guilty plea and sentence, alleging that he received ineffective assistance of counsel. *See Serrano v. United States*, Case No. 3:12-cv-00356 (Doc. No. 1). Judge Campbell denied the motion without an evidentiary hearing based, in part, on Serrano's responses to the court's questions during the guilty plea colloquy. *See id.* (Doc. Nos. 35, 36). Serrano appealed, and the Sixth Circuit construed his notice of appeal as a request for a certificate of appealability and denied that request. (*Id.*, Doc. Nos. 44, 59).

Three years later, on June 13, 2016, Serrano filed a second motion seeking relief under 28 U.S.C. § 2255. *See Serrano v. United States*, Case No. 3:16-cv-01348 (Doc. No. 1). Judge Campbell transferred that case to the Sixth Circuit Court of Appeals to obtain authorization to proceed pursuant to 28 U.S.C. §§ 2244(b)(3) and 2255(h). *See* Case No. 3:16-cv-01348 (Doc. No. 7). The Sixth Circuit denied Serrano's motion for authorization to proceed with a second or successive motion to vacate, set aside, or correct his sentence. (*Id.*, Doc. No. 8).

2

Subsequently, Serrano filed the instant pro se "Motion to Reduce Life Sentence to 360 Months Based on Procedural and Substantive Reasonableness of CW's Questions of Credibility." (Doc. No. 1078).

**II.     Analysis**

Serrano states that his "Motion to Reduce Life Sentence to 360 Months Based on Procedural and Substantive Reasonableness of CW's Questions of Credibility" is filed pursuant to "Rule 60(b)," presumably of Federal Rules of Civil Procedure. (Doc. No. 1078). Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

"The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, *to the extent that they are not inconsistent with any statutory provisions or these rules*, may be applied to a proceeding under these rules." Rule 12, Rules Gov'g Section 2255 Proceedings (emphasis added). The Sixth Circuit has explained that "[a] Rule 60(b) motion that attempts 'to add a new ground for relief' is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Likewise, a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence "if it attacks the federal

court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id*. In at least these two circumstances, "use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id*. at 1023. A Rule 60(b) motion, however, properly may be employed to attack "some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. 524, 532.

In his motion, Serrano alleges that Judge Campbell treated the Sentencing Guidelines as mandatory, selected a sentence based upon clearly erroneous facts, and gave an unreasonable amount of weight to aggravating factors in imposing sentence. (Doc. No. 1078 at 1). Serrano also faults defense counsel for not objecting to hearsay testimony during his sentencing hearing (*id*. at 6-23) and for multi-tasking during witness testimony. (*Id*. at 21, 25, 27). Similar to *Nailor*, these issues could have been brought in Serrano's first § 2255 motion. And, although Serrano argues that his motion attacks the integrity of his federal habeas proceeding, his Rule 60(b) motion alleges no defects in the § 2255 proceedings and in fact explicitly seeks relief from his *criminal* judgment. *See* Doc. No. 1078 at 2 ("So it would be well in keeping with a District Court's discretion to construe this pleading under Rule 60(b) to reopen habeas judgment to attack with leave the integrity of his sentencing proceedings.")

Applying *Nailor* and *Gonzalez*, it is clear that Serrano's Rule 60(b) motion is actually a second or successive § 2255 in disguise. The instant motion could be read to attack Judge Campbell's resolution of Serrano's first § 2255 motion in which he raised claims of ineffective assistance of counsel. To the extent that Serrano's Rule 60(b) motion attacks the court's previous

4

resolution of a claim on the merits, the motion should be construed as a § 2255 motion. Alternatively, Serrano's Rule 60(b) motion could be read to raise new claims for relief. To this extent, the Rule 60(b) motion also should be construed to be a § 2255 motion, as explained above. *See United States v. Rogers*, No. 10-20770, 2018 WL 3819061, at *1-2 (E.D. Mich. Aug. 10, 2018) (finding that defendant's Rule 60(b) motion, "[c]ontrary to the Defendant's framing of the motion," should be transferred to the Sixth Circuit for authorization to file a second or successive § 2255 motion). *Cf. United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006) (concluding that a motion that attempts to raise a new substantive claim for habeas relief should be considered as a § 2255 motion).

The court notes that, under the rule set forth in *In re Shelton*, 295 F.3d 620 (6th Cir. 2002), a district court normally must provide notice to the movant and an opportunity to withdraw the motion before recharacterizing a motion as a § 2255 motion. *Id*. at 622. However, "[w]hen . . . a movant has previously filed a § 2255 motion, the rule of *In re Shelton* is of no consequence." *In re Nailor*, 487 F.3d 1018, 1023 n.3 (citing *Nelson*, 465 F.3d at 1149). Here, Serrano already has filed two previous § 2255 motions; therefore, there is no reason to ensure that he knowingly is taking advantage of his one chance to file a § 2255 motion.

"[W]hen a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). "*Sims* instructs district courts to transfer only 'successive' petitions to our court for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss them outright." *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

### III.  Conclusion

Accordingly, because Serrano has not received prior authorization from the Sixth Circuit Court of Appeals, the Clerk shall **TRANSFER** his Rule 60(b) motion (Doc. No. 1078), properly construed as a successive § 2255 motion, to the Sixth Circuit Court of Appeals for further consideration as required under §§ 2255(h) and 2244(b)(3).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge